

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2006

# Joyner v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4475

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Joyner v. Philadelphia" (2006). *2006 Decisions.* Paper 830.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/830

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4475
_____

BRUCE S. JOYNER,
                    Appellant

v.

CITY OF PHILADELPHIA; DEIDRE ZONVIDE,
A/K/A DEIADRE ZONVICE, A/K/A DEIADRE ZONVIDE;
CITY OF PHILADELPHIA LEGAL DEPARTMENT;
BERNARD EVANS; BRENDA LAKE; MICHELLE LAKE
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 05-cv-02129)
District Judge: Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
June 22, 2006

Before: BARRY, CHAGARES AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed: June 27, 2006 )

_____

OPINION
_____

PER CURIAM

      In 2002 Bruce S. Joyner filed a complaint in the Philadelphia County Court of

Common Pleas seeking damages for injuries he incurred during a motor vehicle accident. After the Court of Common Pleas entered a non-suit against him, Joyner unsuccessfully appealed to the Pennsylvania Commonwealth and Supreme Courts. He then filed a complaint, subsequently amended, in the District Court in which he challenges the state courts' decisions. The District Court held a hearing in which it explained to Joyner why it did not have jurisdiction to entertain his complaint and later entered an order dismissing it for lack of jurisdiction. This appeal followed.[1]

Joyner's complaint does no more than challenge the decisions in his state court proceedings. However, as the District Court explained to Joyner, "a federal District Court may not sit as an appellate court to adjudicate appeals of state court proceedings." Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N. Y. and N. J. Police Dept., 973 F.2d 169, 177-79 (3d Cir. 1992). Accordingly, we will affirm the judgment of the District Court.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Walker v. Horn, 385 F.3d 321, 328 n.19 (3d Cir. 2004).